COURT OF CHANCERY
OF THE
STATE OF DELAWARE

Sam Glasscock III
VICE CHANCELLOR

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
Leonard L. Williams Justice Center
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

September 22, 2017

Patrick Scanlon, Esquire
Darlene Wyatt Blythe, Esquire
Law Offices of Patrick Scanlon, P.A.
203 N.E. Front Street, Suite 101
Milford, DE  19963

Walter J. O'Brien, Esquire
The Law Offices of Walter J. O'Brien, LLC
30 The Green
Dover, DE  19901

Kathleen DeLacy, Esquire
Reger Rizzo & Darnell LLP
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE  19803

RE: *Yumkas, Vidmar, Sweeney & Mulrenin, LLC v. Wayne B. Knight, et al.*
C.A. No. 2017-0237-SG

Dear Counsel:

I have the Motion for a More Definite Statement filed by Respondent IRA Services Trust Company ("IRA"), together with the Plaintiff's Answer to the motion and IRA's response. This Complaint involves an alleged fraudulent transfer of real property. The transferee, who allegedly did not give value, is Milford Marina Enterprises LLC ("Milford Marina"). The Complaint alleges at paragraph 21 that Milford Marina then mortgaged the property, with the result that IRA holds a secured interest in the property. The Complaint makes no allegations against and makes no further factual reference to IRA.

In Count I, the Plaintiff seeks a judgment against other defendants, statutory avoidance of the transfer of the property to Milford Marina and injunctive relief and a receiver to prevent further encumbrance of the property.[1] Count II[2] and alias Count III[3] seek the same relief. Nowhere in the Complaint is there any request for relief against IRA, and nowhere in the Complaint is there a suggestion that IRA participated in the allegedly fraudulent transfer or has otherwise engaged in behavior that would make it liable to the Plaintiff.

---

[1] Verified Compl. ¶¶ 22–32.
[2] Verified Compl. ¶¶ 33–40.
[3] There are two Counts II in this Complaint. I refer to the second Count II as "alias Count III". Verified Compl. ¶¶ 41–48.

In this context, IRA moved for a more definitive statement. Instead of providing a more definitive statement, the Plaintiff responded that IRA "is a party to this action because it is a party of interest."[4] It then states, in abbreviated form, the gravamen of the allegations of the Complaint.[5]

IRA, therefore, is required to answer a complaint, including asserting affirmative defenses as appropriate, in which no cause of action is attempted to be stated against it, and which seeks no relief against it. Accordingly, the case against IRA is stayed. IRA need not answer the Complaint or file a Motion to Dismiss. Any party may seek leave to lift the stay for cause, as that party finds appropriate. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

SG/lkpr
cc:     Register in Chancery

---

[4] Pl.'s Resp. to IRA Services Trust Co.'s Mot. for More Definite Statement ¶ 2.
[5] *Id.* ¶¶ 4–6.